SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**CARLA G. MCCLURG, OSB #165144**
Assistant United States Attorney
carla.mcclurg@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorneys for Plaintiff United States of America

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| IN RE CIVIL INVESTIGATIVE DEMAND NO. 21-1-002 | Misc. No. 3:21-mc-00336 SB<br><br>**UNOPPOSED MOTION FOR ENTRY OF STIPULATED PROTECTIVE ORDER RE CIVIL INVESTIGATIVE DEMAND NO. 21-1-002** |

On February 2, 2021, the United States Attorney for the District of Oregon issued Civil Investigative Demand No. 21-1-002 to NSF International (the "CID") pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733. The United States Attorney for the District of Oregon issued the CID as part of an investigation by the United States regarding whether German polypropylene pipe manufacturer Aquatherm GmbH and/or its affiliates or subsidiaries caused false claims to be submitted to the General Services Administration for payment for piping

manufactured by Aquatherm GmbH installed in the Edith Green – Wendell Wyatt federal building in Portland, Oregon that did not satisfy applicable qualitative testing standards in violation of 31 U.S.C. § 3729.

Pursuant to the CID, NSF International is required to produce certain testing and audit reports regarding polypropylene pipe and associated fittings manufactured by Aquatherm GmbH. Documents subject to the CID may contain trade secrets, proprietary or commercial material, or other competitively sensitive material subject to legal protection.

Counsel for Aquatherm LP, a distributor of the polypropylene pipe products manufactured by Aquatherm GmbH in the United States, objected to the production of documents and information subject to the CID as containing confidential, proprietary, and/or trade information. NSF International took no position regarding the CID. The deadline for NSF International to produce documents in response to the CID is March 19, 2021.

Counsel for the United States and Aquatherm LP conferred regarding Aquatherm LP's objection to the CID. The United States and Aquatherm LP agreed to resolve Aquatherm LP's objection through the entry of a Stipulated Protective Order.

Wherefore, the United States respectfully requests that the court enter the Stipulated Protective Order attached hereto as Exhibit 1.

DATED: March 17, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*s/ Carla G. McClurg*
**CARLA G. MCCLURG, OSB #165144**
Assistant United States Attorney

# Exhibit 1

**SCOTT ERIK ASPHAUG, OSB #83674**
Acting United States Attorney
District of Oregon
**CARLA G. McCLURG, OSB #165144**
Assistant United States Attorney
carla.mcclurg@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, Oregon 97204-2902
Telephone:  (503) 727-1000

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| IN RE CIVIL INVESTIGATIVE DEMAND NO. 21-1-002 | Misc. No.  3:21-mc-00336 SB<br><br>STIPULATED PROTECTIVE ORDER RE CIVIL INVESTIGATIVE DEMAND NO. 21-1-002 |

The United States Attorney for the District of Oregon issued Civil Investigative Demand No. 21-1-002 to NSF International on February 2, 2021 (the "CID") pursuant to the False Claims Act, 31 U.S.C. §§ 3729-3733.  The United States Attorney for the District of Oregon issued the CID as part of an investigation by the United States regarding whether German polypropylene pipe manufacturer Aquatherm GmbH and/or its affiliates or subsidiaries caused false claims to be submitted to the General Services Administration for payment for piping manufactured by

**Stipulated Protective Order re Civil Investigative Demand No. 21-1-002**                    **Page 1**

Aquatherm GmbH installed in the Edith Green – Wendell Wyatt federal building in Portland, Oregon (the "Building") that did not satisfy applicable qualitative testing standards in violation of 31 U.S.C. § 3729.

Pursuant to the CID, NSF International is required to produce certain testing and audit reports regarding polypropylene pipe and associated fittings manufactured by Aquatherm GmbH. Documents subject to the CID may contain trade secrets, proprietary or commercial material, or other competitively sensitive material subject to legal protection.

Counsel for Aquatherm LP, a distributor of the polypropylene pipe products manufactured by Aquatherm GmbH in the United States, has raised an objection to the production of documents and information subject to the CID as containing confidential, proprietary, and/or trade information.  NSF International took no position regarding the CID. The United States and Aquatherm LP agree that good cause exists to protect information produced in response to the CID that contains trade secrets, proprietary or commercial material, or other competitively sensitive material.  The United States and Aquatherm LP agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1. This Order shall apply to all documents and information supplied by NSF International in response to the CID that contain trade secrets, proprietary or commercial material, or other competitively sensitive material ("Protected Competitive Material").  NSF International shall identify all such documents by stamping them as "CONFIDENTIAL -

Protected Competitive Material." Protected Competitive Material shall also include any summaries, excerpts, analysis, and/or opinions derived from Protected Competitive Material.

2. Protected Competitive Material shall be maintained as confidential and shall not be used or disclosed for any purpose other than conducting the above-described investigation and any related proceeding involving the Aquatherm GmbH polypropylene pipe products installed in the Building, except as provided herein or as otherwise may be required by law, and shall not be used or disclosed for any business, commercial, or competitive purposes.

3. If a portion of any pleading, motion, or other document filed with the Court contains Protected Competitive Material, that portion shall be filed and kept under seal until further order of the Court. Testimony at any deposition or other proceeding regarding Protected Competitive Material may also be designated as Protected Competitive Material by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing the deposition or other proceeding to bind and label separately those portions of the transcripts containing the Protected Competitive Material.

4. In the event of a request by a third party (excluding Congress or any agency of the United States) for disclosure of Protected Competitive Material, the United States will give NSF International, Aquatherm LP and Aquatherm GmbH as much notice as is practicable prior to the disclosure of Protected Competitive Material, subject to federal court rules. Notice shall include identification of any Protected Competitive Material subject to the request.

5. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose Protected Competitive Material to persons whose assistance is required to conduct the above-described investigation and in any related proceeding involving

the Aquatherm GmbH polypropylene pipe products installed in the Building, including but not limited to employees, agents, consultants, experts, or prospective witnesses; provided, however, that any such person to whom "Protected Competitive Material" is disclosed ("Recipient"), excluding employees of the United States, first shall be advised of the terms of this Order, shall be required to execute a written acknowledgment that the Recipient has read the Order and agrees to be bound by it by executing an Acknowledgement of Protective Order attached hereto as Exhibit A.

6. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to disclose to any agency or department of the United States, or any division of any such agency or department, Protected Competitive Material relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction, nor shall anything contained in this Order prevent or in any way limit or impair the use of any such Protected Competitive Material by an agency in any proceeding relating to any potential violation of law or regulation, or relating to any matter within that agency's jurisdiction; provided, however, that the agency shall maintain the confidentiality of Protected Competitive Material consistent with the terms of this Order.

7. Nothing contained in this Order shall prevent or in any way limit or impair the right of the United States to provide any document or information to Congress pursuant to a Congressional request; provided, however, that the United States shall notify the Congressional entity requesting the documents that the Protected Competitive Material has been produced pursuant to this Order and shall, if there are no objections interposed by the Congressional entity requesting the documents, use reasonable efforts to notify NSF International, Aquatherm LP and Aquatherm GmbH of the Congressional entity's request and the United States' response thereto.

**Stipulated Protective Order re Civil Investigative Demand No. 21-1-002**     **Page 4**

8. Nothing contained in this Order shall preclude the United States from contesting the designation of any document as Protected Competitive Material. If the United States intends to contest any document(s) designated as Protected Competitive Material, it shall notify NSF International, Aquatherm LP and Aquatherm GmbH in writing at least fourteen (14) calendar days prior to disclosing such document(s) in any public proceeding or publicly filed document. Aquatherm GmbH and NSF International shall have the option to file a petition for a protective order with a court of competent jurisdiction demonstrating that there is good cause to designate the document at issue as Protected Competitive Material. If a timely petition for a protective order is filed, the document at issue will be treated as Protected Competitive Material until a final, non-appealable order has been entered or until the time to appeal an order has expired.

9. The fact that NSF International is producing documents responsive to the CID shall not be used, offered or argued in any proceeding as a basis or reason why NSF International. Aquatherm LP or Aquatherm GmbH shall be required to provide the same or similar documents to any other agency, as constituting a waiver of any applicable privilege, or as constituting a waiver of the right to object to disclosure of other documents or information. However, the United States shall retain the right to contest the assertion of any such privilege or objection by NSF International, Aquatherm LP or Aquatherm GmbH.

10. Nothing in this Order prevents any party from moving the Court to remove the Protected Competitive Material designation from a document or testimony, from seeking modification of this Order, from designating already-produced documents as Protected Competitive Material, or from objecting to a designation that a party believes to be otherwise improper. It is the burden of the party designating a document as Protected Competitive Material to demonstrate good cause for the continued protection of the document.

**IT IS SO STIPULATED:**

Dated this 17th day of March, 2021.   SCOTT ERIK ASPHAUG
Acting United States Attorney

*s/ Carla G. McClurg*
CARLA G. McCLURG, OSB #165144
Assistant United States Attorney

Dated this 17th day of March, 2021.   AQUATHERM LP

*s/ Anne Cohen*
ANNE COHEN, OSB #062405
Attorney for Aquatherm LP

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

**IT IS SO ORDERED.**

DATED: _____   _____

Youlee Yim You
United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| IN RE CIVIL INVESTIGATIVE DEMAND NO. 21-1-002 | Misc. No. 3:21-mc-00336 SB<br><br>**ACKNOWLEDGMENT OF PROTECTIVE ORDER** |

      I have read and understand the Stipulated Protective Order re Civil Investigative Demand No. 21-1-002 ("Order") entered in this matter on _____, 2021. I hereby agree to be bound by the terms of the Order. Specifically, I agree that I will use or disclose documents stamped "CONFIDENTIAL – Protected Competitive Material" and any information contained therein only for purposes of the United States' investigation and related proceedings regarding the Aquatherm GmbH polypropylene pipe products installed in the Edith Green – Wendell Wyatt federal building (the "Building"), and not for any other purpose of any kind; that I will return all stamped confidential documents to the United States within thirty (30) days after the later of the termination of the United States' investigation and related proceedings regarding the Aquatherm GmbH polypropylene pipe products installed in the Building or expiration of all rights to appeal; that I will take all appropriate steps to keep the stamped confidential documents and any information contained therein confidential. I hereby confirm that my duties under this Acknowledgment shall survive the termination of the United States' investigation and related proceedings regarding the Aquatherm GmbH polypropylene pipe products installed in the Building and are binding upon me for all time. I hereby consent to the personal jurisdiction of the United States District Court for the District of Oregon, in the above-captioned case for purpose of enforcing the Order.

 

_____
[signature]

DATED:  _____
[print name]